IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Difankh Asar,                          )
                                       )  Civil Case No.  6:21-3235-HMH-KFM
                    Petitioner,        )
                                       )
        vs.                            )      **OPINION & ORDER**
                                       )
N. Barnes, *Warden*,                   )
                                       )
                    Respondent.        )

This matter is before the court for review of the Report and Recommendation of

United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C.

§ 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Difankh Asar

("Asar"), a federal prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28

U.S.C. § 2241, alleging due process violations in relation to a disciplinary charge that resulted

in the imposition of sanctions, including the loss of good credit time.  (§ 2241 Pet., generally,

ECF No. 1.)  In his Report and Recommendation filed on January 10, 2022, Magistrate Judge

McDonald recommends granting Respondent's motion for summary judgment.

Asar filed timely objections to the Report and Recommendation on January 28, 2022.[2]

(Objs., ECF No. 18.)  Objections to the Report and Recommendation must be specific.

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final
determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court
may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate
judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]  Houston v. Lack, 487 U.S. 266 (1988).  On January 21, 2022, Asar was granted an
extension of time until February 4, 2022, to file objections. (Order, ECF No. 16.)

Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Asar's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. Accordingly, after review, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 8, is granted. It is further

**ORDERED** that a certificate of appealability is denied because Asar has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 4, 2021

_____

[3] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within sixty

(60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.